IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| 6111 RIDGEWAY GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 15-2561-STA-cgc |
| ) | |
| PHILADELPHIA INDEMNITY ) | |
| INSURANCE COMPANY and ) | |
| CUNNINGHAM LINDSEY U.S., INC., ) | |
| ) | |
| Defendants. ) | |

ORDER GRANTING DEFENDANT CUNNINGHAM LINDSEY U.S., INC.'S MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS

Before the Court is Defendant Cunningham Lindsey U.S., Inc.'s Motion for Partial Judgment on the Pleadings (ECF No. 23) filed on December 31, 2015. Plaintiff 6111 Ridgeway Group, LLC has responded in opposition, and Defendant has filed a reply brief. For the reasons set forth below, Defendant's Motion is **GRANTED**.

BACKGROUND

For purposes of Defendant's Rule 12(c) Motion, the Court accepts the following well pleaded factual allegations of Plaintiff's Verified Complaint as true. An October 2014 hail and wind storm caused significant damage to ten buildings at the Deerfield Apartments in Memphis, Tennessee, an apartment complex owned by Plaintiff 6111 Ridgeway Group, LLC. (Compl. ¶ 9.) Plaintiff filed a claim for the property damage with its property insurer Defendant Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity"). (*Id.* ¶ 11.) Philadelphia Indemnity hired Defendant Cunningham Lindsey U.S., Inc. ("Cunningham Lindsey") to inspect the damage at the Deerfield Apartments. (*Id.* ¶ 12.) Cunningham Lindsey inspected only two of

1

the damaged buildings, and Philadelphia Indemnity offered to pay the itemized replacement cost value of $34,265.74 for the two buildings. (*Id.* ¶ 16.) Plaintiff concluded that the storm had damaged ten–not two–of the buildings and therefore retained a second appraiser, Rickey Eubank, to inspect the damage. (*Id.* ¶ 17.) Eubank agreed with Plaintiff that all ten of the buildings suffered similar damage and should be covered under the policy. (*Id.* ¶¶ 18, 20.)

Plaintiff provided Philadelphia Indemnity with a detailed report and repair itemization for the damage with a total amount for reimbursement under the policy of $169,785.56. (*Id.* ¶ 19.) Plaintiff also submitted Mr. Eubank's itemized report of the damage to the ten buildings. (*Id.*) The Verified Complaint alleges that both appraisers, Cunningham Lindsey and Mr. Eubank were consistent as to the per-building replacement valuations; the appraisers differed only on the number of building sustaining damage, two according to Cunningham Lindsey but ten according Mr. Eubanks. (*Id.* ¶ 20.) Without acknowledging the demand for $169,785.56 or communicating with Plaintiff in any way, Philadelphia Indemnity engaged a third appraiser to inspect the damage at the Deerfield Apartments. (*Id.* ¶ 23). Robert Aynett of Rimkus Consulting estimated a replacement cost of $21,627.69, a reduction of more than one-third from the replacement cost stated in Philadelphia Indemnity's first appraisal and offer. (*Id.*)

After more than thirty days passed without a response from Philadelphia Indemnity to Plaintiff's demand, Plaintiff formally demanded an appraisal of the loss pursuant to the insurance contract and designated Toby Johnson of Cornerstone Public Adjuster Consulting as its impartial designated appraiser. (*Id.* ¶ 21.) Despite the dispute over the underlying appraisal by Cunningham Lindsey, Philadelphia Indemnity again designated Cunningham Lindsey as its chosen "impartial" appraiser. (*Id.* ¶ 24.) Plaintiff objected to the re-appointment of Cunningham Lindsey, though Philadelphia Indemnity has yet to respond to the objection. (*Id.* ¶ 27.) Under

the circumstances Plaintiff has not received any insurance payment for the damage to its buildings from the October 2014 hail storm. (*Id.* ¶ 43).

Based on these allegations, Plaintiff filed suit in the Chancery Court for the Thirtieth Judicial District in Shelby County, Tennessee on July 30, 2015. The Verified Complaint alleged causes of action against Philadelphia Indemnity for breach of contract, bad faith, breach of fiduciary duty, fraud, constructive fraud, negligent misrepresentation, conspiracy to commit fraud, violations of the Tennessee Consumer Protection Act ("TCPA"), and breach of the common law duty of good faith and fair dealing. As for Cunningham Lindsey, the Verified Complaint alleged claims for breach of fiduciary duty, fraud, conspiracy to commit fraud, and breach of the common law duty of good faith and fair dealing. On September 1, 2015, Cunningham Lindsey filed a motion to dismiss the claim for breach of the common law duty of good faith and fair dealing, which Plaintiff did not oppose. On October 21, 2015, the Court entered an order granting the unopposed motion to dismiss the good faith and fair dealing claim.

In the Motion now before the Court, Cunningham Lindsey seeks a clarifying ruling that the only claims remaining against it are Plaintiff's causes of action for breach of fiduciary duty, fraud, and conspiracy to commit fraud. Cunningham Lindsey argues that the Verified Complaint alleges a number of claims, some pertaining only to Philadelphia Indemnity and some against both Philadelphia Indemnity and Cunningham Lindsey. According to Cunningham Lindsey, the Verified Complaint's allegations pertaining only to Philadelphia Indemnity are ambiguous and could be read to allege the claims against Cunningham Lindsey as well. Therefore, Cunningham Lindsey seeks partial judgment on the pleadings that the Verified Complaint alleges only claims against it for breach of fiduciary duty, fraud, and conspiracy to commit fraud.

Plaintiff has responded in opposition arguing that the Verified Complaint clearly alleges only claims for breach of fiduciary duty, fraud, and conspiracy to commit fraud against Cunningham Lindsey. Plaintiff notes that it specified in its response to Cunningham Lindsey's earlier Rule 12(b)(6) motion that the Verified Complaint alleged only these claims against Cunningham Lindsey. Plaintiff reiterates that its only causes of action against Cunningham Lindsey are the remaining claims for breach of fiduciary duty, fraud, and conspiracy to commit fraud. As such, the Court should deny the Motion for Partial Judgment on the Pleadings. In its reply brief, Cunningham Lindsey argues that Plaintiff's concession about its specific claims against Cunningham Lindsey means the Court should grant the Motion.

## ANALYSIS

Based on the agreement of the parties and the entire record of the case, the Court holds that the Verified Complaint alleges only three remaining claims against Cunningham Lindsey: breach of fiduciary duty, fraud, and conspiracy to commit fraud. While the parties disagree over whether Cunningham Lindsey is entitled to have its Rule 12(c) Motion granted or denied, that disagreement does not alter the substantive outcome of the motion. The Court holds that the Verified Complaint does not allege any facts showing that Plaintiff is entitled to relief against Cunningham Lindsey for any claim other than breach of fiduciary duty, fraud, and conspiracy to commit fraud. Therefore, the Motion for Partial Judgment on the Pleadings is **GRANTED**.

**IT IS SO ORDERED.**

                                            s/ S. Thomas Anderson
                                             S. THOMAS ANDERSON
                                             UNITED STATES DISTRICT JUDGE

                                             Date: March 15, 2016.